### H. M. KADIS v. LIONEL WEIL.

(Filed 10 December, 1913.)

**Trusts—Power of Sale—Cestui Que Trust—Written Request—Deeds and Conveyances—Purchaser—Application of Funds.**

A deed in trust to lands to be held to the sole and separate use of another, with certain expressed limitations over, containing a power of sale in the trustee upon the written request of the *cestui que trust,* the proceeds to be invested and held by the trustee to the same uses and purposes, confers upon the trustee with such written consent, full power to convey to a *bona fide* purchaser, and the latter is not held to see to the proper application of the funds derived from the sale; and it is further held that the *cestui que trust* joining in the trustee's deed is a sufficient authorization.

APPEAL by defendant from *Daniels, J.,* at November Term, 1913, of WAYNE.

Controversy without action. The plaintiff by mesne conveyances claims to be the owner in fee of certain property therein described in the following deed:

"This deed, made by William T. Griffin, of the county of Nash and State aforesaid, to A. B. Chestnutt, of the county of Sampson, State aforesaid, witnesseth:

"That the said William T. Griffin has, for and in consideration of the sum of $354 to him paid, bargained and sold to A. B. Chestnutt and his heirs a certain town lot in the town of Goldsboro, North Carolina, and known in the plan of said town as Lot No. . . . ., being a lot deeded by H. W. Burwell and wife to the said Griffin, and originally purchased by said Burwell of John T. Kennedy by deed dated 1 December, 1855.

"Beginning on North Boundary Street at Mrs. Brockett's corner, now Mrs. Davis', thence along her line north 18 east 297 feet to the ditch, the Langston line; thence up the ditch westerly to a stake, a corner of the lot known as the James H. Griffin lot; thence along said lot 348 feet to the street; thence along the street to the beginning, being one-half of the whole front mentioned in deed of said Kennedy, dated 1 December, 1855, containing 1 acre and 14½ poles.

"To have and to hold the within conveyed town lot upon the following conditions, and for the following uses and purposes, for the sole and separate use and benefit of Martha J. Hollowell, wife of James Hollowell, exclusive of the contract of her husband, or of any contract or liability that he may at this time be bound, or for any future contract or liability, but to be held for her sole and separate use and benefit during her life, and, at her death, to such children as she may leave surviving her, begotten of her present marriage, and to the issue of such as may be dead, such issue to take such share as the parent would have taken if living; and in case the said Martha J. Hollowell should die leaving no child or children surviving her, then in that case the property in this deed conveyed shall be held and owned by her husband, James M. Hollowell.

"And it is further provided that should the said Martha J. Hollowell die leaving children or a child surviving her, begotten by her present husband, that then in that case James M. Hollowell shall be allowed to live in the house and use the lot during his life, without paying any rent for the same; and it is further provided that the said A. B. Chestnutt or any future trustee shall, when requested in writing by the said Martha J. Hollowell, sell the within conveyed town lot and make a deed for the same and reinvest the proceeds of said sale as the said Martha J. Hollowell may in writing direct, which is to be held on the same terms and conditions, and for the same use and purposes, as this town lot is held, and for no other.

"And it is further provided that should the said Chestnutt die, refuse to accept this trust, or become incompetent to act, that then in that case the said Martha J. Hollowell shall have power to appoint a trustee to hold the property in this deed conveyed; and it is further provided that the said Chestnutt or any future trustee shall not be held responsible for any rents or profits of said town lot while the said Martha J. Hollowell or her husband, James M. Hollowell, remain in possession of said town lot.

"And the said William T. Griffin, for himself, his heirs and executors, etc., do covenant and agree with the said Chestnutt, trustee, etc., to warrant, make, give and defend the title and right to said lot against the lawful claim or claims of any and all persons.

"In testimony whereof, the said William T. Griffin has hereunto set his hand and seal, this 8 December, 1876.

"Signed, sealed, and delivered in the presence of B. W. Heffum.                    WILLIAM T. GRIFFIN.   [SEAL]"

The court rendered judgment in favor of the plaintiff, and the defendant appealed.

*E. A. Humphrey for plaintiff.*
*D. C. Humphrey for defendant.*

BROWN, J.  The plaintiff contends that he and his wife have a right to convey in fee simple, free from encumbrances, to the

MILL CO. *v.* WEBB.

defendant, the land conveyed to the plaintiff by the said Martha J. Hollowell and George E. Hood, trustee, and described in the deed tendered to the defendant by the plaintiff.

We are of opinion that under the terms of the deed in trust above set out, the contention of the plaintiff is well founded. It is admitted that George E. Hood has been duly and legally substituted as trustee in place of A. B. Chestnutt, deceased, in said deed in trust.

By force of law, as well as by the express words of the deed, Hood is vested with all the powers conferred upon his predecessor. The language of the instrument is clear, and confers upon the trustee the power to sell the property, or any part of it, and execute a title in fee to the purchaser when requested in writing by the said Martha J. Hollowell, the *cestui que trust.* This consent is manifested when she joined in the deed with the trustee.

The contention of the defendant that it was the duty of the plaintiff to see to the application of the proceeds derived from the sale to him, and see that the same was reinvested in real estate by the trustee, cannot be sustained.

It was so held in England, but is not the law here as to a *bona fide* purchaser for value.

*Hauser v. Shore,* 40 N. C., 357; *Whitted v. Nash,* 66 N. C., 590; *Grimes v. Taft,* 98 N. C., 198; *Hunt v. Bank,* 17 N. C., 60; 39 Cyc., pp. 378 and 379; A. and E. (2d Ed.), vol. 28, pp. 1130 and 1131.

Affirmed.